UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HALL,<br><br>    Petitioner,<br><br>    v.<br><br>STUART SHERMAN, Warden,[1]<br><br>    Respondent. | No. 2:17-cv-0312 KJM DB P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Petitioner is a state prisoner proceeding pro se in this "petition for writ of error coram nobis/vobis." Petitioner claims that he was not advised during a 2002 plea deal in state court that he would be required to register as a sex offender following his term of probation; he seeks to have the judgment corrected. Pending before the court is respondent's unopposed motion to dismiss on the grounds that the petition is untimely and unexhausted. For the reasons set forth below, the undersigned will recommend that the motion to dismiss be granted and the petition be denied.

////

---

[1] Stuart Sherman, current warden of California Substance Abuse Treatment Facility in Corcoran, California, where petitioner is housed, is substituted as respondent. See <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

**I.     Relevant Background**

    **A.     State Court Proceedings**

On December 18, 2002, petitioner pled no contest in the Plumas County Superior Court to a misdemeanor violation of California Penal Code Section 243.4. (Resp.'s Lodged Doc. ("LD") 1.) Judgment was entered accordingly in the Plumas County Superior Court, and petitioner was sentenced to time served and granted one year probation. Id. He did not appeal this sentence.

On February 4, 2014, petitioner filed a petition for writ of coram nobis in the Plumas County Superior Court claiming that he only recently learned of the requirement that he register as a sex offender for the § 243.4 conviction, a requirement that he claims he was not informed of at the time of his plea. LD 2. This petition was denied in a reasoned decision on April 2, 2014. LD 3.

On May 2, 2014, petitioner filed a notice of appeal in the California Court of Appeal, Third Appellate District. LD 4. On January 28, 2015, the judgment was affirmed. LD 5.

    **B.     Federal Court Proceedings**

Petitioner initiated this action on February 6, 2017. (ECF No. 1.) Here, petitioner claims that after his plea of no contest, he violated his probation on the misdemeanor case and felony probation in another case. As a result of these violations, petitioner was sentenced to six years in state prison. Upon release on parole on September 24, 2006, he was informed that he was required to register as a sex offender pursuant to his plea deal. He claims that neither the court nor his attorney informed him that he would need to register as a sex offender as a result of the plea.

On August 1, 2017, respondent filed the instant motion to dismiss. (ECF No. 15.) Though petitioner was granted an extension of time to file an opposition (ECF No. 19), he has not filed one or a statement of non-opposition.

**II.     Legal Standards**

Rule 4 of the Rules Governing Section 2254 Cases calls for dismissal of a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. See Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

**III.    Analysis**

   **A.    Coram Nobis**

Petitioner moves to vacate that portion of his 2002 sentence that requires him to register as a sex offender, a condition of his plea that he claims he was unaware and did not first learn until September 24, 2006.

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131-32 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002) (citing United States v. Morgan, 74 S. Ct. 247, 254 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this court has the inherent power to issue the writ, it is only able to issue it in the context of challenges to *federal* convictions. See Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955). As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985), superseded on other grounds by United States v. Kwan, 407 F.3d 1005 (9th Cir. 2005).

Here, petitioner seeks a modification of a sentence issued following a plea deal in state court. As the Fifth Circuit explained: "A federal court which did not impose the sentence has no

jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief." Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982). Accordingly, coram nobis is not an available remedy in this court, and the petition must be dismissed.

### B. Exhaustion

Alternatively, if the court were to construe the petition as one for habeas corpus, petitioner would not fare better. Assuming arguendo that the petition is timely, the undersigned agrees with respondent that petitioner's claim is unexhausted.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. Picard v. Connor, 404 U.S. 270, 278 (1971); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. See Carey v. Saffold, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

It is undisputed that petitioner did not pursue a direct appeal of his 2002 state sentence, and the record reveals that he did not seek collateral review to the highest state court on the issue asserted here before initiating this action. Thus, respondent is correct that the sole claim asserted here is unexhausted.

////

////

**IV. Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and this action be summarily dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/hall0312.mtd